Edward J. TENTHOFF, Plaintiff,

v.

McGRAW–HILL, INC., Defendant.

Civ. A. No. 90–7319.

United States District Court,
E.D. Pennsylvania.

April 7, 1992.

Joseph M. Gontram, Ruch & Gontram, Philadelphia, PA, for plaintiff.

Frank C. Morris, Jr., Epstein, Becker & Green, P.C., Washington, DC, for defendant.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

Plaintiff Edward J. Tenthoff brings this action against defendant McGraw–Hill, Inc. claiming that defendant terminated him because of his age and/or sex in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*[1]

Before me is the motion of defendant McGraw–Hill for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons outlined below the motion will be granted.

## I. FACTUAL BACKGROUND

The material facts of this case are not in dispute. Plaintiff, a forty-eight year old male, born June 2, 1942, was employed by Datapro Research Corp. ("Datapro"), a subsidiary of defendant. Datapro provides comprehensive profiles and specifications of data processing systems, micro computers, hardware and software, voice and data communications, office automation and industry automation. Subscribers to Datapro use the information for competitive analysis, product planning, system design, product procurement and personal education.

Plaintiff was hired by Datapro as Director of Technology. He worked in that capacity from 1984 until his termination on or about February 2, 1990. Plaintiff's re-

---

1. Jurisdiction is based on federal question. 28 U.S.C. § 1331.

sponsibilities from 1984 through 1986 included handling all of Datapro's business systems and planning and developing new technologies, including development of data processing and telecommunications systems in support of electronic publishing, data distribution, telemarketing, production, subscription fulfillment and other business operations.

In 1986, plaintiff was placed in charge of developing two new electronic systems within Datapro in order to bring Datapro technologically up to date. The two systems were an automated subscription fulfillment system and a telemarketing system. By 1989 neither project was completed. Defendant admits that plaintiff was not entirely responsible for the failure to complete the installation of the systems.

In 1989, Datapro hired Perot Systems, an outside consultant to review the technological developments at Datapro. Perot Systems reported that the subscription fulfillment system should be abandoned and that although the telemarketing system could be saved, it would require significant additional resources. Perot Systems concluded that the problems associated with the telemarketing system were, in part, a result of poor management.

As a result of the report, Bruce Hollows, President of Datapro, since 1988, created a higher level position to take over technological development and implementation. The new Vice President of Technology would handle all technological projects updating Datapro.

Hollows did not believe plaintiff was qualified for the new position based on plaintiff's performance on the two systems he managed. Hollows thought that plaintiff displayed a lack of initiative and a lack of management capabilities. Although he thought plaintiff would work well under supervision, the vice president position would not be supervised. Hollows informed plaintiff of his decision and, after considering several candidates, hired Susan Buchanan, a thirty-six year old female, for the position of Vice President of Technology, at a salary $30,000.00 higher than plaintiff was paid.

Buchanan completed the outstanding technological projects as well as other substantial projects, demonstrating initiative and high level management abilities, and received the highest rating in each of her evaluations.

Plaintiff brought this action against defendant claiming that by hiring Buchanan and terminating plaintiff, defendant discriminated against him based on age and/or sex. Plaintiff states that all of his evaluations showed that he was a good employee, that defendant never informed him that it was unhappy with his work, that he was qualified for the Vice President position, and that he overheard or participated in two discussions in which management personnel made negative comments about employees relating to their age.[2]

With respect to the first conversation, plaintiff recalled that James Murray, President of Datapro, made a statement about the work performance of an employee at Datapro, and that comment related to the employee's age. Plaintiff was unable to recall the specific language used by Murray but did recall Hollows responding that the company could not "get rid of Bill just because of his age" and that they would "have to find some other grounds for dismissal." Deposition of Edward J. Tenthoff II [hereinafter Tenthoff Dep. II] at 119.

With respect to the second conversation, plaintiff was unable to recall the specific words used, but stated that Hollows and Carl Tobiasen, Controller, referred to one

---

**2.** In a letter to counsel for defendant, plaintiff's counsel stated,

> In approximately spring or Summer 1987, James Murray, President and Bruce Hollows, Vice–President, had a discussion concerning Williams [sic] Muldowney of the Editorial Staff. Murray commented on Muldowney's age in terms of hiring someone younger to replace him.

> In approximately January or February 1987, Carl Tobiasen, Controller, and Bruce Hollows had a discussion about various Datapro employees. Negative comments were made about Richard Burke, Vice–President of Sales and Cliff Jones, and in both instances the comments related to their ages.

Exhibit C, attached to Defendant's Memorandum in Support of Summary Judgment [hereinafter Defendant's Exhibit].

employee as acting like an old man because he did not act forcefully in driving sales, *Tenthoff* Dep II at 130–31, and that another employee acted like an old woman because he was slow in completing assignments and he should be replaced by someone younger. *Tenthoff* Dept. II at 140–42. At least two of the employees continued to work at Datapro at the time this claim was filed and there is no evidence that the third was fired or made an informal or formal claim of age or sex discrimination. Nor is there any evidence of the age of the employees that were the subject of the conversations.

Defendant brings this motion for summary judgment claiming that plaintiff has not established a *prima facie* case of age and/or sex discrimination and, even if he had, plaintiff has not raised any genuine issue of material fact from which a trier of fact could infer that defendant's stated reason was pretextual.

## II. DISCUSSION

### 1. *Summary Judgment Standard*

Summary judgment may be granted when, after viewing the evidence in a light most favorable to the non-moving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P 56(c); *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340–41 (3d Cir.1990). A genuine dispute exists when a reasonable jury could find in favor of the non-moving party based on the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir.1989).

The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *First Nat'l Bank v. Lincoln Nat'l Life Ins. Co.*, 824 F.2d 277, 280 (3d Cir.1987). The burden then shifts to the non-moving party to show the existence of an essential element to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The non-moving party must present evidence beyond the mere pleadings, through affidavits or depositions and admissions on file. *Id.* If that evidence is " 'merely colorable' or is 'not significantly probative,' summary judgment may be granted." *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987), quoting, in part, *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

### 2. *ADEA and Title VII*

To withstand a motion for summary judgment under either the ADEA or Title VII, the non-moving party has the burden to show a *prima facie* case of discrimination. The plaintiff, in this case, may demonstrate a *prima facie* case by showing (1) that he is a member of a protected class; (2) that he was qualified for the position in question; and (3) that the position was given to a person sufficiently younger, in the case of the ADEA, or of the opposite sex, in the case of Title VII. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

The burden then shifts to the moving party to articulate a legitimate, nondiscriminatory reason for discharging the plaintiff. *Id.*

Once the defendant has articulated a legitimate, non-discriminatory reason, the burden shifts to the plaintiff to show that defendant's stated reason is a pretext for discrimination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981). The plaintiff may establish pretext by either direct evidence of discrimination or by indirect evidence that the proffered reason is without credence. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 900 (3d Cir.) (en banc), *cert. dismissed*, 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987).

The plaintiff, however, may not simply cast doubt on the employer's articulated reasons or merely restate his *prima facie* case. *Id.* Furthermore, even though an employee may disagree with the employer's decisions, it is not for the court to second guess those decisions without evidence that age or sex was a determinative factor in the result. *Billet v. Cigna Corp.*,

940 F.2d 812, 817 (3d Cir.1991); *see also McFall v. Frank,* No. 89–4678, 1992 WL 74168, 1992 U.S.Dist. LEXIS 3724 (E.D.Pa. filed March 27, 1992).

I am satisfied that plaintiff has established a *prima facie* case of discrimination. Plaintiff was a forty-six year old male at the relevant time, was replaced by a thirty-six year old woman, and has presented evidence, through his depositions and evaluations, from which a reasonable trier of fact could infer that he was at least qualified for the position at issue.

■ I am also satisfied that defendant has properly articulated a legitimate non-discriminatory reason for replacing plaintiff. Hollows was not satisfied with plaintiff's performance with respect to developing two new electronic systems within Datapro. Because of a perceived need to correct the problems in the system, Hollows decided to create a new, higher-level position of Vice President of Technology to head up that project in addition to others. With respect to his decision not to promote plaintiff to this position, Hollows stated in his affidavit that

> I did not believe Mr. Tenthoff was qualified for the Vice President position because I was disappointed with his results on the two systems of which he had been in charge since 1986 and which were still not operational. Although I did not place all the blame on him, I did feel that he had not taken sufficient initiative or displayed the management capability to get things done in over three years that I would expect in a Vice President position. My judgment was that Ed Tenthoff would work hard and perform reasonably well technically as long as he was closely managed.

Defendant's Exhibit A.

Hollows went on to explain that the Vice President position would encompass all the responsibilities that plaintiff had been handling plus additional responsibilities. To support his decision, Hollows relied on the report of an independent consultant, Perot Systems, which evaluated the technological development of Datapro with respect to the projects under plaintiff's control, and concluded that the failure to install the two systems was a result of poor management,

as well as several other reasons. Defendant's Exhibit A (attached to the affidavit of Bruce Hollows).

Finally, Hollows stated in his affidavit that Buchanan has completed the two projects in addition to other assignments and has consistently received the highest evaluation. This is sufficient to meet the defendant's burden to state a legitimate, nondiscriminatory reason for not awarding the position of Vice President to plaintiff.

Plaintiff has failed to meet his final burden to show that, based on the evidence of record, a reasonable trier of fact could find that defendant's stated reasons are a pretext for discrimination. Essentially, plaintiff makes the following evidentiary arguments in support of his position that defendant's reasons are pretextual: (1) plaintiff was qualified for the position of Vice President of Technology as evidenced by his evaluations as Director of Technology; (2) the position of Vice President of Technology was the same as Director of Technology; (3) the failure to complete the two projects he managed was because of factors beyond his control; (4) defendant never informed plaintiff that it was dissatisfied with his work; and, (5) plaintiff heard or participated in two conversations in which Hollows and other high-level management employees discussed other employees making negative reference to the age of those employees. More specifically, plaintiff heard Hollows state that Datapro could not get rid of a particular employee just because of his age, and they would have to find another reason. The second conversation involved two comments, one in which it was stated or implied that an employee acted like an old man, and another in which it was stated or implied that an employee acted like an old woman. None of the comments related to plaintiff and two of the three employees continued to work at Datapro at the time this complaint was filed. It is not clear whether the third employee is still employed at Datapro, but there is no evidence to suggest that he was fired or either formally or informally complained of discrimination.

I find that none of these arguments, singularly or collectively, is sufficient to permit a reasonable trier of fact, taking all facts as credible and in favor of the plaintiff, to infer that defendant's legitimate, non-discriminatory reasons for not placing plaintiff in the position of Vice President were a pretext for discrimination. Plaintiff relies on his work evaluations as objective evidence which tends to show that he was indeed a competent employee who fully met the expectations of his job requirements, and occasionally exceeded them. The only additional evidence plaintiff submits is his deposition testimony, and the testimony of his supervisor, in which it is confirmed that he was a competent employee; that he did not believe that the failure to expeditiously and efficiently install the systems was his fault; and that he overheard comments by Hollows and others which related to age.

Although there is no question that plaintiff disagrees with defendant's evaluation, his evidence supporting the argument that he is qualified for the job does not rise to the level of establishing a reasonable inference of pretext. Plaintiff's assertion that defendant never informed him that it was dissatisfied with his work does raise a genuine issue of material fact. While it would have been helpful for plaintiff to have that information, defendant is not required to provide it. *See Healy v. New York Life Ins. Co.*, 860 F.2d 1209, 1216 (3d Cir.1988); *cert. denied*, 490 U.S. 1098, 109 S.Ct. 2449, 104 L.Ed.2d 1004 (1989). At best plaintiff may have cast doubt on defendant's decision, but that is insufficient to withstand a motion for summary judgment. *Chipollini*, 814 F.2d at 900.

The comments stated by officers of the defendant on which plaintiff relies to demonstrate discriminatory animus is also not helpful to his claim. The first comment allegedly stated by Hollows, that the company could not get rid of an employee just because of his age and there had to be other grounds for dismissal, is a correct statement of the law. Even read in a light most favorable to plaintiff all it can show is that defendant thought of age but rejected it as a grounds for dismissing an employee.

Nor can an inference of pretext be drawn from the second conversation. To say, with a negative connotation, that someone works like an old man or an old woman can certainly be in bad taste, but, without more, is quite remote from establishing a policy of discrimination. The second conversation also fails to permit an inference of discriminatory animus because of the significantly vague nature of plaintiff's description. Plaintiff does not provide exact language, but can only recall what he thought was meant by whatever was said. This type of unsupported vague allegation is precisely the type of merely colorable evidence that is insufficient to withstand a motion for summary judgment.

Plaintiff has not presented any evidence to show that defendant's reliance on the independent consultation report by Perot Systems which criticized management of the projects during his tenure, was a pretext. Nor has plaintiff addressed the fact that Buchanan, who became the Vice President of Technology, has demonstrated qualifications which are objectively superior than plaintiff's. Buchanan was hired based upon her highly rated technological abilities and has consistently received the highest possible rating on her evaluations since her employment commenced.

Plaintiff's arguments comprise a mere reiteration of his *prima facie* claim of discrimination. The law requires something more. Plaintiff's evidence, viewed in a light most favorable to him, is wholly insufficient to support an inference that but for plaintiff's age or sex he would have received the position of Vice President of Technology. Plaintiff is unable to demonstrate that his qualifications so outweigh Buchanan's qualifications that there is a genuine issue of material fact as to the credibility of defendant's legitimate, non-discriminatory reasons for hiring Buchanan as Vice President of Technology. As stated by the Court of Appeals for the Third Circuit on this issue, "[m]erely citing that age [or sex] was the reason for the decision does not make it so." *Billet v. Cigna Corp.*, 940 F.2d 812, 817 (3d Cir.1991); *see also McFall v. Frank, supra.*

**408**

Consequently, plaintiff has not met his burden under the ADEA or Title VII and defendant's motion for summary judgment will accordingly be granted.

III. CONCLUSION

For the foregoing reason the motion of defendant for summary judgment shall be granted.