**Mildred ROBINSON**

v.

**NATIONAL MEDICAL CARE, INC., et al.**

No. 93–4050.

United States District Court, E.D. Pennsylvania.

March 15, 1995.

James W. Gicking, Litvin, Blumberg, Matusow & Young, Philadelphia, PA, Theodore Q. Thompson, Ambler, PA, Arnold Laikin, Philadelphia, PA, for Mildred V. Robinson.

Mildred V. Robinson, pro se.

Thomas G. Servodidio, Lisa Wolff, Deborah Tate Pecci, Duane, Morris & Heckscher, Philadelphia, PA, for National Medical Care Inc.

Thomas G. Servodidio, Lisa Wolff, Deborah Tate Pecci, Duane, Morris & Heckscher, Philadelphia, PA, for Bio–Medical Applications Management Co., Inc., Bio–Medical Applications of Pennsylvania, Inc.

## MEMORANDUM

LUDWIG, District Judge.

Plaintiff Mildred Robinson's motion for reconsideration and to set aside summary judgment entered for defendants will be denied. Fed.R.Civ.P. 56; Local Rule 20(g).

This is a Title VII action claiming race discrimination in violation of 42 U.S.C. § 2000(e) *et seq.* as amended, the Civil Rights Act of 1866, 42 U.S.C. § 1981 as amended, and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq.*. The complaint also alleged wrongful discharge under Pennsylvania common law.[1] Plaintiff, an African–American, was terminated on January 23, 1992 from her position with defendant National Medical Care, Inc. and its subsidiaries as an administrator of two kidney dialysis facilities.

After defendants moved for summary judgment and plaintiff responded, there did not appear to be a triable issue of intentional discrimination. Before a ruling was made, plaintiff was given an opportunity on the trial date, October 31, 1994, to make argument and a proffer. Following a further presentation on the following day, summary judgment was granted. Nov. 1, 1994, N.T. 44–45.

## I.

■ The elements and allocations of the burden of proof in an employment discrimination action have been delineated by the Supreme Court and applied by our Circuit. *St. Mary's Honor Center v. Hicks,* — U.S. —, — – —, 113 S.Ct. 2742, 2746–47, 125 L.Ed.2d 407 (1993); *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 255 n. 8, 101 S.Ct. 1089, 1094 n. 8, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Armbruster v. Unisys Corp.,* 32 F.3d 768, 782–83 (3d Cir.1994); *Fuentes v. Perskie,* 32 F.3d 759, 763–64 (3d Cir.1994). First, plaintiff must make out a *prima facie* case of discrimination. *Hicks,* — U.S. at —, 113 S.Ct. at 2747. Second, the burden shifts to defendant to produce evidence that the adverse employment action was precipitated by a legitimate nondiscriminatory reason. *Id.* Third, if steps one and two are satisfied, and the shifting burden mechanism has raised a triable issue, plaintiff must carry the ultimate burden of intentional discrimination. *Id.*

■ As our Circuit has recently explained, the summary judgment stage must be viewed from the prospective standpoint of the factfinder:

Because the factfinder may infer from the combination of the plaintiff's prima facie case and its own rejection of the employer's proffered non-discriminatory reasons that the employer unlawfully discriminated against the plaintiff and was merely trying to conceal its illegal act with the articulated reasons, *see Hicks,* — U.S. at —, 113 S.Ct. at 2749, a plaintiff who has made out a prima facie case may defeat a motion for summary judgment by *either* (i) discrediting the proffered reasons, either circumstantially or directly, or (ii) adducing evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or deter-

1. In response to the summary judgment motion, plaintiff asserted two new claims—retaliation and deprivation of property and liberty without due process of law. Inasmuch as these claims were not mentioned at the summary judgment argument and are not supported by any Rule 56 materials, summary judgment will be granted as to them as well.

minative cause of the adverse employment action. Thus, if the plaintiff has pointed to some evidence discrediting the defendant's proffered reasons, to survive summary judgment the plaintiff need not also come forward with additional evidence of discrimination beyond his or her prima facie case. *See Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1122–24 (7th Cir. 1994).

*Fuentes*, 32 F.3d at 764 (emphasis in original). *Accord Torre v. Casio, Inc.*, 42 F.3d 825 (3d Cir.1994).[2] Here, plaintiff and defendants agree that steps one and two of the shifting burden analysis have been satisfied. However, summary judgment is necessary because plaintiff did not present a triable issue of either pretext or discrimination.

### II.

■ Initially, plaintiff did not produce sufficient evidence to create a triable issue of pretext. To defeat a summary judgment motion in a pretext case:

> [T]he plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder to reasonably infer that *each* of the employer's proffered non-discriminatory reasons was either a *post hoc* fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext).

*Fuentes*, 32 F.3d at 764 (citations omitted) (emphasis in original). However, a plaintiff need not cast doubt on every proffered reason if she "manages to cast substantial doubt on a fair number of them." *Id.* at n. 7.

Here, defendants addressed their "light" burden of evidencing reasons for plaintiff's dismissal with two affidavits and numerous exhibits. Defendants' motion for summary

judgment at 11–13. *Mardell v. Harleysville Life Ins. Co.*, No. 93–3258, 31 F.3d 1221 at n. 6, 1994 U.S.App. LEXIS 19884 at n. 6 (3d Cir. Oct. 2, 1994). Examples of alleged deficient performance and other inadequacies from 1988 to 1992 included plaintiff's reassignment from a company facility because of a personality conflict; state certification problems that cost the company over $200,000; poor financial presentations; failure to attend meetings and follow company policy; and written complaints to a supervisor by the medical director of one of plaintiff's facilities and an accounting manager about incompetence, bad relations with other employees, not meeting deadlines, lack of concern for patients, and inattention to quality assurance. *Id.* *See, e.g., Billet v. CIGNA Corp.* 940 F.2d 812, 828 (3d Cir.1991) (granting summary judgment where "there was simply too much *objective* evidence of problems with [plaintiff's] performance to make his claim of pretext plausible") (emphasis in original).

Plaintiff's response and motion for reconsideration made several arguments that are not supported by any evidence in the summary judgment record.[3] For example, plaintiff asserted that "from April, 1987 though April, 1991, she received positive comments about her performance as an administrator and received high ratings in her evaluations." Plaintiff's memorandum in support of her motion for reconsideration at 1, 5. However, the motion does not refer to evidence of positive comments or high ratings, and defendants have documented severe performance problems dating back to 1988. Plaintiff also contended that warnings she received "were contrived, baseless and pretextual," plaintiff's response to summary judgment motion at 2, but proffered no substantiating evidence.[4]

---

2. During argument on the motion, I noted my belief that under *Hicks* and *Armbruster* plaintiff, as summary judgment nonmovant at step three, must point to evidence of both pretext and discriminatory animus. Oct. 31, 1994, N.T. 15–16; Nov. 1, 1994, N.T. 44. In light of *Fuentes*, it appears that pretext taken with the prima facie case can be sufficient to survive summary judgment whether or not animus may be found in the proof of pretext.

3. Plaintiff's initial response to the summary judgment motion stated: "An almost endless stream

of documents have been exchanged between the parties in this matter. From this database, it is almost impossible to factually summarize this claim...." pp. 1–2. Plaintiff has not specifically pointed to any evidence but only made broad references to plaintiff's deposition.

4. Plaintiff relied on matters that do not justify an inference of pretext absent evidence of disparate treatment such as inconsistency with company practice—the receipt of an annual review four months late; written warnings for failure to fol-

■ Another example is plaintiff's contention that criticism of her financial presentations was "unfair" and, inferentially, pretextual. As proof, she submitted a handwritten letter from one supervisor to another stating, "I believe this idea of administrator presentations has finally provided us with a tool to quantify and measure administrative knowledge, understanding and competence and [plaintiff] failed all three." Plaintiff's supplemental memorandum, exhibit 3. Plaintiff asserts that the use of "tool" in the same sentence as her name demonstrates contrivance. Nov. 1, 1994, N.T. 29. However, read most favorably to plaintiff, it is an unreasonable construction to suggest that the letter writer believed the presentations were designed or used to "flunk" plaintiff. Moreover, possibilities or conjectures of pretext are insufficient to overcome summary judgment. *Tenthoff v. McGraw–Hill, Inc.*, 808 F.Supp. 403, 407 (E.D.Pa.), *aff'd*, 981 F.2d 1248 (3d Cir.1992).

■ In countering a properly supported summary judgment motion, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Otherwise, "summary judgment, if appropriate, shall be entered." *Id. See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Witco Corp. v. Beekhuis*, 38 F.3d 682, 686 (3d Cir.1994). Because plaintiff has not evidenced "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence,'" *Fuentes*, 32 F.3d at 765, summary judgment was required. Merely saying "'[n]ot so' ... does not create a material issue of fact." *Id.* at 766. *Billet*, 940 F.2d at 828 ("employer's articulated reasons are not incredible simply because the employee asserts that such is the case"). *See, e.g., Kober v. Mack Trucks, Inc.*, No. 94–3130, 1994 WL 702659 (E.D.Pa. Dec. 15, 1994); *Adams v.*

low personnel policy; the acceleration of her

*Dupont Merck Pharmaceutical Co.*, No. 93–207, 1994 WL 702606 (E.D.Pa. Dec. 15, 1994); *Kershaw v. Aspin*, No. 94–216, 1994 WL 683384 (E.D.Pa. Dec. 5, 1994); *Rivadeneira v. City of Philadelphia*, No. 90–4979, 1994 WL 594122 (E.D.Pa. Oct. 31, 1994).

## III.

■ Furthermore, plaintiff has not presented a triable issue of discrimination. As evidence of discriminatory animus, plaintiff submitted her deposition testimony describing nine categories of race discrimination alleged to have occurred during her employment. Plaintiff's response to summary judgment motion, exhibit at 58–90. *See Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir.1990) (plaintiff's uncorroborated deposition testimony may create a genuine issue of discriminatory intent). Nevertheless, in each category, plaintiff either could not recall the specific incidents or responsible supervisors, or did not provide evidence of disparate treatment. *Id.* at 58–90. Her conclusory allegations are insufficient. *Taylor v. Illinois Dept. of Revenue*, No. 91–2341 at *6, 1994 WL 55679 (N.D.Ill. Feb. 23, 1994) (subjective beliefs of discrimination are not enough to overcome summary judgment).

For example, plaintiff testified that special goals were set for her and another black administrator. Plaintiff's response to summary judgment motion, exhibit at 71. However, she could not recall what the goals were or how they differed from those given her colleagues. *Id.* at 70–71. In contrast, defendants provided evidence that easier goals were established for plaintiff to assist her when she failed to meet regular goals. Defendants' reply, exhibit B at 217–220. Similarly, plaintiff stated she was denied access to computer diskettes necessary for her work. Plaintiff's response to summary judgment motion, exhibit at 66. However, there was no offered evidence as to who denied her the diskettes or how they would have been utilized. That supervisors sanctioned or condoned the denial of necessary work materials could support an inference of intentional dis-

discharge after she called in sick.

crimination. Such evidence, however, was not presented here.

At argument, plaintiff also submitted additional deposition transcripts to demonstrate that similarly situated employees were treated differently. However, this evidence did not support an inference of discrimination.[5] For example, it was proffered that another employee, presumably white, asked and was allowed to apply for a different position in the company after first being requested to resign. Nov. 1, 1994, N.T. 10–11. However, uncontroverted evidence showed that when plaintiff was asked to resign, she stated she preferred to be fired. Affidavit of Gary W. Scher, Exhibit A. Moreover, there was insufficient information to determine whether the other employee was similarly situated to plaintiff. *Ezold v. Wolf, Block, Schorr and Solis–Cohen,* 983 F.2d 509, 531 (3d Cir.) (relevant comparison of employees must involve particular qualification at issue), *cert. denied,* —— U.S. ——, 114 S.Ct. 88, 126 L.Ed.2d 56 (1992).

■ Plaintiff further argued that the fact that she was the only African–American "continuously employed" from 1987–91 in her company was circumstantial evidence of discrimination. Plaintiff's response to summary judgment motion at 4. While plaintiff has not provided evidence to buttress that assertion, defendants have shown by affidavit that other black administrators were employed during this time-period.[6] Defendants' reply to plaintiff's response to summary judgment motion, exhibit A.

In one instance, according to plaintiff's evidence, a supervisor was abrupt and spoke with an accusatory tone during a telephone conversation after she had called to take a sick day. Plaintiff's response to summary judgment motion, at 13–18. Incidents of this type, unless systematic and reflective of disparate treatment, are not probative of pretext.[7]

## ORDER

AND NOW, this 15th day of March, 1995, plaintiff Mildred V. Robinson's motion for reconsideration and to set aside the judgment is denied.

---

5. Plaintiff was permitted to file a supplemental memorandum to her motion for reconsideration after review of the oral argument transcript. However, the supplemental memorandum does not attempt to clarify or expound upon the previous positions taken by plaintiff.

6. Regardless of the number, the degree of minority representation as a pretext factor cannot be evaluated in a statistical and qualitative vacuum.

7. Defendants filed a motion in limine containing the deposition transcript of a former black administrator who said he was told "blacks do not represent the corporate image," or words to that effect. Defendants' motion in limine, exhibit A at 101. While not made part of the summary judgment record, this statement allegedly occurred two years prior to any decision to terminate plaintiff, was not made to plaintiff, and was made by one employee to another. *Ezold,* 983 F.2d at 546 (stray remarks by non-decisionmakers or decision-makers unrelated to the decisional process not ordinarily entitled to much weight).